IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD BRUCE ELLIS,

        Plaintiff,

                                                    3:12-CV-2330-PK

                                                    OPINION AND
v.                                                 ORDER

CITY OF PORTLAND, STATE OF
OREGON, and MULTNOMAH COUNTY,

        Defendants.

MOSMAN, District Judge:

        Plaintiff Ronald Bruce Ellis filed this *pro se* action *in forma pauperis* against defendants the City of Portland, the State of Oregon, and Multnomah County on December 26, 2012. For the reasons set forth below, Ellis' action is dismissed with prejudice pursuant to Federal Civil Procedure Rule 12(h)(3) and 28 U.S.C. § 1915(e)(2).

Page 1 - OPINION AND ORDER

Ellis' complaint is not a model of clarity. However, analysis of the allegations contained therein establishes that Ellis intends by and through his complaint to challenge a conviction obtained against him in the Multnomah County Court for the State of Oregon, and not to raise any other claim against the defendants.

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). Moreover, in connection with *in forma pauperis* actions such as this, the district courts are obliged to dismiss *sua sponte* actions failing to state a claim upon which relief can be granted:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action . . .
>
> * * *
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2).

Pursuant to the so-called *Rooker-Feldman* doctrine, the federal courts lack jurisdiction to exercise appellate review over state court judgments. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-859 (9th Cir. 2008); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal

Page 2 - OPINION AND ORDER

wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007), *quoting Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). However, the doctrine is equally applicable to bar the federal courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser*, 525 F.3d at 859, *quoting Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004), *citing Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). An action brought in federal court constitutes such an appeal if "claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.*, *quoting Bianchi*, 334 F.3d at 898. In essence, the *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994) (citations omitted).

Here, Ellis' claim or claims are "inextricably intertwined" with the complained-of decision of the Multnomah County Circuit Court. The gravamen of Ellis' complaint is that his state-court conviction was wrongfully obtained and that he was wrongfully imprisoned in connection with that conviction. To provide Ellis the relief he seeks would therefore require this court to review the Multnomah County proceedings, which it lacks subject-matter jurisdiction to do. Because no amendment of the complaint could be effective to cure this jurisdictional

deficiency, Ellis' complaint should be dismissed in its entirety.[1] *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e).

## CONCLUSION

For the reasons set forth above, Ellis' complaint is dismissed with prejudice in its entirety. A final judgment shall be prepared.

DATED this 24 day of May, 2013.

Honorable Michael Mosman
United States District Judge

---

[1] The fact that Ellis may assert violations of his federally-guaranteed, constitutional rights in the course of the state court proceedings does not modify this analysis. *See Feldman*, 460 U.S. at 483, n. 16 (noting that failure to raise federal constitutional claims in the course of underlying state court proceedings may cause a plaintiff to "forfeit his right to obtain review of the state-court decision in any federal court").

Page 4 - OPINION AND ORDER