IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD BRUCE ELLIS,

        Plaintiff,

    v.

CITY OF PORTLAND, STATE OF
OREGON, and MULTNOMAH COUNTY,

        Defendants.

3:12-CV-2330-PK

OPINION AND ORDER

MOSMAN, District Judge:

      Plaintiff Ronald Bruce Ellis filed this *pro se* action *in forma pauperis* against defendants the City of Portland, the State of Oregon, and Multnomah County on December 26, 2012. On May 24, 2013, I dismissed Ellis's action for lack of federal subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, which prevents the district courts from exercising jurisdiction over

Page 1 - OPINION AND ORDER

*de jure* or *de facto* appeals from state-court judgment.[1] Ellis appealed my decision to the Ninth Circuit effective June 28, 2013, and the Ninth Circuit granted Ellis's appeal on May 11, 2015, reversing my decision and remanding the action to this court to give Ellis the opportunity to clarify the nature of his claim or claims and of the facts underlying them. The Ninth Circuit expressly found that it was "unable to determine from the complaint . . . whether some of [Ellis's] claims might be cognizable under § 1983," but that some of Ellis's allegations reference "illegal acts and omissions by defendants" at least some of which do not appear to constitute *de facto* appeal from state judgment, in connection with which Ellis might intend to state a claim against one or more defendants. The Ninth Circuit advised that, following clarification of Ellis's claim or claims, if appropriate this court could once again determine that some of Ellis's allegations may properly be subject to dismissal under *Rooker-Feldman*.

---

[1] Under the *Rooker-Feldman* doctrine, the federal courts lack jurisdiction to exercise appellate review over state court judgments. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-859 (9th Cir. 2008); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007), *quoting Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). However, the doctrine is equally applicable to bar the federal courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser*, 525 F.3d at 859, *quoting Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004), *citing Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). An action brought in federal court constitutes such an appeal if "claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.*, *quoting Bianchi*, 334 F.3d at 898. In essence, the *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994) (citations omitted).

On May 13, 2015, Judge Papak ordered Ellis to show cause within thirty days why his action should not be dismissed pursuant to the *Rooker-Feldman* doctrine. Specifically, the court directed Ellis to provide the court a short and plain written statement of each claim he intends to bring against each defendant, including a short and plain statement of the facts underlying each such claim, with sufficient particularity in connection with each such claim to permit the court to ascertain whether to grant relief in connection with the claim would require the court to determine that the judgment against Ellis in state court was wrongfully or improperly obtained or that issuance of the state-court judgment violated Ellis's rights, or to interpret the application of state laws or procedural rules. Over thirty days have elapsed since Judge Papak's order issued, and Ellis has neither complied with the order to show cause nor requested additional time within which to do so.

In light of Ellis's failure to advise the court that he intends to pursue any claim against any defendant named in his complaint that would not contravene the *Rooker-Feldman* doctrine, Ellis's action is dismissed with prejudice following remand for lack of subject-matter jurisdiction for the same reasons articulated in my Opinion and Order (#9) dated May 24, 2013.

## CONCLUSION

For the reasons set forth above, Ellis's complaint is dismissed with prejudice in its entirety. A final judgment shall be prepared.

DATED this   22nd   day of June, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

Page 3 - OPINION AND ORDER